*In re* RAFAEL ROJAS GUADALUPE.

*Número:* AB-98-3          *Resuelto:* 11 de octubre de 1999

*Hon. Flavio E. Cumpiano Villamor,* Comisionado Especial; *Carlos R. Noriega,* abogado del querellado.

PER CURIAM: El Lcdo. Rafael Rojas Guadalupe fue admitido al ejercicio de la abogacía en nuestra jurisdicción en el año 1977. Mediante carta, de fecha 30 de diciembre de 1997, dirigida la misma al entonces Presidente del Ilustre Colegio de Abogados de Puerto Rico, la Hon. Eliadís Orsini Zayas, Juez Superior de la Sala de Carolina del Tribunal de Primera Instancia, le expresó a éste su preocupación con una situación que estaba ocurriendo en un caso criminal pendiente ante su consideración, en el que el licenciado

Rojas Guadalupe representaba al acusado. Conforme la referida carta, la vista del caso se había tenido que suspender en varias ocasiones debido a la incomparecencia del licenciado Rojas Guadalupe a las mismas, habiendo presentado éste unas certificaciones médicas que arrojaban dudas sobre la capacidad mental de dicho abogado para practicar la profesión.

El Lcdo. Fermín Arraiza, entonces presidente del Colegio de Abogados de Puerto Rico, refirió el asunto ante nuestra consideración para la acción que estimáramos pertinente. Mediante Resolución, de fecha 13 de febrero de 1998, remitimos el asunto a la Oficina del Procurador General de Puerto Rico "para la investigación e informe correspondiente". Mediante escrito de fecha 19 de marzo de 1998, entendiendo el Procurador General que existía duda razonable sobre la capacidad mental del licenciado Rojas Guadalupe para ejercer la profesión de abogado, dicho funcionario solicitó del Tribunal que se diera comienzo al procedimiento formal que establece la Regla 15 del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXI-A. Así lo hicimos; para actuar como Comisionado Especial se designó al Hon. Flavio Cumpiano Villamor. Luego de varios trámites que resultan innecesario reseñar, el Comisionado Especial rindió el informe correspondiente.

Conforme surge del mencionado Informe:

> ... la opinión pericial de la médico psiquiatra que extensamente evaluó al Lcdo. Rojas Guadalupe, es que el señor abogado padece de un Desorden Bipolar, con episodios de depresión mayor alternados con episodios de hipomanía; que refleja una disfunción ocupacional moderada; que se encuentra cognoscitivamente capacitado para ejercer competentemente la representación legal de sus clientes; pero que es importante que se mantenga bajo continua atención médica y seguimiento psiquiátrico y que es necesaria la continuidad de su tratamiento con medicamentos, para que no entre en episodios de depresión o en la fase de hipomanía, lo que s[í] puede afectar sus responsabilidades.
>
> El Comisionado Especial recomienda se le autorice al Lcdo. Rojas Guadalupe continuar ejerciendo la profesión de abogado,

sujeto a su cumplimiento con ciertas condiciones que aseguren la continuidad de tratamiento médico y psiquiátrico y el uso de medicamentos, para ayudarle a mantener su nivel de estabilidad y progreso en su salud, a la vez que protegen los intereses de sus clientes. Informe del Comisionbado Especial de 24 de febrero de 1999, págs. 1–2.

Luego de un cuidadoso y detenido análisis del informe rendido por el Comisionado Especial, así como del expediente del caso, adoptamos sustancialmente dicho Informe. En consecuencia, determinamos que el Lcdo. Rafael Rojas Guadalupe puede continuar ejerciendo la profesión de abogado en nuestra jurisdicción siempre que cumpla con las condiciones que, a continuación, enumeramos:[1]

A. Recibir y someterse a tratamiento psiquiátrico, a su propio costo, en citas de por lo menos una vez al mes.

B. Someter a la Comisión de Reputación para el Ejercicio de la Abogacía, cada tres meses, un certificado de un psiquiatra, el cual contendrá:

1. el nombre, dirección y teléfono del psiquiatra.

2. las fechas en que le ha ofrecido tratamiento.

3. el tipo de tratamiento al que le ha sometido.

4. los medicamentos recetados, si alguno.

5. el resultado de las pruebas de laboratorios ordenadas, y de haberse ordenado, el nivel de litio en la sangre.

6. el progreso o deterioro del paciente.

C. Informar al Procurador General de Puerto Rico, cada seis meses, su dirección profesional donde se desempeña como abogado, así como el volumen de trabajo legal y las tareas realizadas.

D. Cumplir a cabalidad con los Cánones de Ética Profesional.

Si la Oficina del Procurador General o la Comisión de Aspirantes al Ejercicio de la Abogacía tuvieran conoci-

---

[1] *Estas condiciones son producto de las sugerencias tanto del Comisionado Especial como de la Oficina del Procurador General de Puerto Rico, las cuales se imponen en protección no sólo de la sociedad en general, sino que del propio Lcdo. Rafael Rojas Guadalupe.*

miento de cualquier incumplimiento de las condiciones impuestas, así como de cualquier deterioro en el estado de salud mental del abogado que pueda afectar los derechos de sus clientes, deberán comunicarlo inmediatamente al Tribunal.

En caso de incumplimiento de las condiciones establecidas, el licenciado Rojas Guadalupe podrá ser suspendido inmediatamente de la práctica de la profesión de abogado, como medida de protección social, por este Tribunal.

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Negrón García no interviene.