EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2012 TSPR 168 |
| | |
| Osmer J. De León Hernández | 187 DPR ____ |

Número del Caso: AB-2010-29
              AB-2010-242


Fecha: 19 de octubre de 2012


Abogado de la Parte Querellada:

        Por derecho propio


Materia: Regla 15 – Autorización condicionada a ejercer la práctica de la abogacía

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Osmer J. De León Hernández
AB-2010-0029
AB-2010-0242

PER CURIAM

En San Juan, Puerto Rico, a 19 de octubre de 2012.

Un procedimiento bajo la Regla 15 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-B, no necesariamente implica la separación indefinida de la práctica de la abogacía si se identifica alguna incapacidad mental. Este Tribunal, como parte de su poder inherente para regular la práctica de la profesión, puede autorizar el ejercicio de la abogacía sujeto al cumplimiento de ciertas condiciones. De esa forma, se propende a la rehabilitación del profesional y se mantiene la confianza de los ciudadanos en que ese abogado tiene la capacidad de prestar los

servicios para los que está autorizado.

I

Este caso se originó con una queja que presentó la señora María A. Ruiz Terrón en contra de la Lcda. Osmer J. De León Hernández el 16 de febrero de 2010. La quejosa informó que para julio de 2009 contrató, junto con su esposo, los servicios de la licenciada para que les representara en un caso de daños y perjuicios pero que perdió contacto con ella. Imposibilitada de conseguir a la abogada, recurrió ante nos para presentar una queja con el propósito de obtener el expediente de su caso.

En detalle, la señora Ruiz Terrón señaló que poco después de la contratación perdió contacto con la abogada hasta diciembre de 2009. Para esa fecha la licenciada De León Hernández se presentó a una vista de seguimiento ante el Tribunal de Arecibo e informó que atravesaba un episodio de depresión. Ese día, la señora Ruiz Terrón y la licenciada De León Hernández coordinaron una cita para la entrega de unos expedientes necesarios para la continuación del pleito, pero esta última no compareció al encuentro. Además, la abogada cerró su oficina en Arecibo, por lo que la clienta no tenía forma de conseguirla.

El 3 de marzo de 2010 la Secretaría del Tribunal Supremo requirió a la licenciada De León Hernández que contestara en diez días la queja que presentó la señora Ruiz Terrón. La abogada no compareció.

El caso de la señora Ruiz Terrón también provocó que la juez, Hon. Aileen Navas-Auger, nos refiriera el reiterado incumplimiento de la licenciada De León Hernández con las órdenes que emitió. La Juez Superior Navas-Auger narró que la señora Ruiz Terrón compareció el 24 de marzo de 2010 por derecho propio para solicitar al tribunal que le relevara de su representación legal porque no podía conseguir a la abogada. A raíz de esa petición, el 5 de abril de 2010 el tribunal ordenó a la abogada que se expresara. La licenciada De León Hernández no compareció en los 10 días que se le proveyeron. El 4 de mayo de 2010 se relevó a la abogada de la representación del caso de la señora Ruiz Terrón y se le impuso una sanción de $300. La letrada tampoco compareció. De igual forma, desatendió otra orden para comparecer a una vista el 1 de septiembre de 2010 en que se iba a dilucidar si se le imponía un desacato civil ante sus reiterados incumplimientos.

En un nuevo intento por obtener su comparecencia, el 4 de octubre de 2010 nuestra Secretaría concedió 10 días adicionales a la licenciada De León Hernández para contestar la queja de la señora Ruiz Terrón. Además, se le informó del acta que elevó la honorable Navas-Auger.

La licenciada De León Hernández compareció el 18 de octubre de 2010. Informó que se le internó de manera involuntaria, a instancias de su hermano, en el Hospital de Psiquiatría Dr. Ramón Fernández Marina, mediante el

proceso que dispone la Ley de Salud Mental de Puerto Rico, Ley Núm. 408-2000, 24 L.P.R.A. sec. 6152, et seq. Estuvo recluida en la institución siquiátrica durante 25 días, a partir del 27 de febrero de 2010 hasta el siguiente 23 de marzo. El 4 de junio de 2010 el Tribunal de Primera Instancia archivó el caso que se instó al amparo de la Ley 408-2000, supra, tras la incomparecencia del hermano de la licenciada De León Hernández a una vista de seguimiento.

La licenciada De León Hernández explicó que fue su padre quien recibió la primera carta que envió nuestra Secretaría. Como se la entregó mucho después de que se le diera de alta del hospital siquiátrico, no pudo responder a tiempo al requerimiento.

En su comparecencia también explicó que el incumplimiento con las órdenes judiciales obedecieron a su condición de salud mental y no porque fuera insolente, irrespetuosa o menospreciara el valor y la autoridad del Tribunal o la profesión. La abogada aseguró que en diciembre de 2009 informó a la señora Ruiz Terrón que atravesaba un problema de depresión y le adelantó que renunciaría al caso luego de que terminara el descubrimiento de prueba. Admitió que no acudió a la reunión que acordó con la clienta pero no recuerda por qué pues "fue una época muy oscura para mí, desde el punto de vista de mi condición de salud". Contestación a la queja Núm. AB-2010-0029.

Del expediente surge que el detonante para el episodio de depresión de la abogada fue la enfermedad de sus dos padres, de los que tuvo que asumir el cuidado diario, así como de unas sobrinas. La exigencia que le imponían estas responsabilidades, sumadas a las de la práctica de profesión independiente que recién comenzaba, la pusieron en una situación de estrés que no pudo manejar adecuadamente. Expresó que aún no se ha reintegrado al mundo laboral porque, al momento de su contestación a la Secretaría, no se sentía preparada.

El 12 de enero de 2011 consolidamos ambas quejas. La Oficina del Procurador General solicitó el 1 de junio de 2011 que se comenzara un procedimiento bajo la Regla 15 del Tribunal Supremo, *supra*, por entender que existían motivos para creer que la licenciada De León Hernández estaba mentalmente incapacitada para ejercer la profesión. El 24 de junio de 2011 designamos a la licenciada Crisanta González Seda para que evaluara el caso y nos rindiera un informe con las recomendaciones que estimara pertinentes.

Acorde con la Regla 15 del Reglamento del Tribunal Supremo se designaron como peritos a la Dra. Myrna Zegarra, por parte de la Comisionada Especial, al Dr. Elías Jiménez Olivo, por parte de la licenciada De León Hernández, y al Dr. Raúl E. López, por parte de la Oficina del Procurador General. La Comisionada Especial nos rindió su informe el 6 de marzo de 2012.

En su informe la Comisionada nos narra que la vista del caso se celebró el 20 de octubre de 2011. En ella, los peritos, luego de examinar a la abogada, concluyeron que esta se encontraba en remisión parcial de la depresión que enfrentó entre el 2009 y 2010. Señalaron que puede deprimirse o llorar al enfrentar situaciones estresantes o inesperadas, y presenta problemas de inestabilidad afectiva. Los tres peritos coincidieron en que puede trabajar como abogada, pero debe evitar todo tipo de litigación activa y procesos altamente contenciosos que le produzcan estrés, hasta que logre un grado completo de estabilidad.

Los siquiatras concurrieron en que la salud mental de la licenciada De León Hernández se puede estabilizar con tratamiento siquiátrico y sicológico, y farmacoterapia. Sin embargo, la Comisionada muestra preocupación porque, desde que salió del hospital de siquiatría, la licenciada De León Hernández se resistió a seguir tratamiento, e incluso se molestó con las personas que contribuyeron a que se le internara en el hospital involuntariamente. Los peritos señalaron en la vista que la paciente ahora muestra interés en seguir tratamiento y recuperarse.

La Comisionada recomienda que condicionemos la práctica de la licenciada De León Hernández a una limitada a asuntos no contenciosos y la notaría. Además, que se mantenga en tratamiento siquiátrico y sicológico, y así lo

acredite a este Tribunal, a través de la Comisión de Reputación para el Ejercicio de la Abogacía.

Ante esta situación de hechos, determinamos acoger las recomendaciones fundamentales de la Comisionada Crisanta González Seda.

## II

En el ejercicio de nuestro poder inherente para reglamentar la práctica de la abogacía, hemos tomado medidas para garantizar que los miembros de la profesión están mentalmente aptos para ejercerla. In re Garrastegui Pellicia, Op. de 27 de octubre de 2011, 2011 T.S.P.R. 209, 2012 J.T.S. 10, 183 D.P.R. ___ (2011); In re Gutiérrez Santiago, 179 D.P.R. 739, 743 (2010). El propósito es procurar por el buen funcionamiento de la Rama Judicial y por que los abogados admitidos al ejercicio de la profesión puedan realizar sus labores competente y diligentemente, conforme a los Cánones 12 y 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. In re Garrastegui Pellicia, supra. Es por eso que cuando un abogado enfrenta una condición mental que le impide el ejercicio cabal y adecuado de las funciones propias de la profesión, debemos tomar medidas mientras subsista esa incapacidad. Íd.

La Regla 15 del Reglamento del Tribunal Supremo, supra, desglosa un procedimiento especial para evaluar los casos de aquellos abogados que enfrentan alguna incapacidad mental que les impida representar a sus clientes de manera competente o mantener un patrón de

conducta acorde con los cánones de ética de la profesión. Cuando la incapacidad se declara judicialmente, o por incapacidad mental se recluye al abogado en alguna institución, el Tribunal Supremo debe suspender al abogado del ejercicio de la profesión mientras subsista la enfermedad. Regla 15 del Reglamento del Tribunal Supremo, *supra*.

Si durante un procedimiento disciplinario bajo la Regla 14 del Reglamento del Tribunal Supremo surgen dudas sobre la capacidad mental del letrado, se debe nombrar a un Comisionado Especial y a tres siquiatras para que evalúen el caso bajo la Regla 15. Cada uno de los siquiatras representará al Comisionado Especial, a la Oficina del Procurador General y al abogado bajo evaluación. Queda en manos del comisionado designado citar a vistas, recibir y analizar la prueba que presenten las partes, que incluye el examen que los peritos hagan del abogado. Además, preparará un informe con recomendaciones para que el Tribunal Supremo tome la determinación que corresponda. Regla 15, *supra*.

Como es un asunto revestido del más alto interés público, el ejercicio de la abogacía debe estar sometido a los parámetros de control de calidad más estrictos. *In re Manzano Velázquez*, 177 D.P.R. 581, 590 (2009). Esto nos obliga a velar las actuaciones de los miembros de la profesión togada y tomar medidas disciplinarias o especiales para proteger a la ciudadanía, además de

decidir cuándo esa acción disciplinaria o medida especial ha cumplido su propósito. Íd., pág. 591.

En casos previos hemos adoptado medidas especiales para permitir la reinstalación condicionada de abogados cuya condición de salud mental no representa un riesgo para los clientes, los tribunales ni la profesión. Id., págs. 591-592. También hemos consentido la práctica condicionada de la profesión, sin que medie suspensión previa, en casos de personas que, a pesar de enfrentar enfermedades mentales, reciben tratamientos que le permiten ejercer la abogacía. In re Manzano Velázquez, supra, págs. 591-592; In re Rojas Guadalupe, supra.

Si el abogado cuyo ejercicio se ha sujeto a condiciones, que pueden ser temporeras o permanentes, incumple con alguna de ellas, se enfrenta a la suspensión o revocación de la licencia. Sólo el cumplimiento del período probatorio, sin violaciones a las condiciones impuestas, permitirá la emisión de la licencia permanente. Íd., págs. 591-592; In re Rojas Guadalupe, supra.

III

Admitimos a la licenciada De León Hernández al ejercicio de la abogacía el 30 de enero de 2002 y de la notaría el 22 de agosto de 2002. Desde ese momento hasta el 2009, su práctica transcurrió sin que llegaran a nosotros quejas o señalamientos sobre su práctica.

No es hasta el 2009 que enfrentó problemas personales que desembocaron en el episodio de depresión e incurrió en

incumplimientos de los cánones de ética que rigen la profesión. La querellada lo expresa de esta forma:

> Toda situación de incumplimiento hacia la señora Ruiz o hacia el Tribunal de Arecibo no ha sido por ser insolente, irrespetuosa ni porque menosprecie el valor y la autoridad que merecen los tribunales de justicia ni la profesión. Jamás me distinguió ese comportamiento sino todo lo contrario. Debe saber el Tribunal que me apena, me duele, me frustra mucho esta situación laboral en la que me encuentro.

Contestación a la queja Núm. AB-2010-0029.

Inicialmente, la licenciada León Hernández negó enfrentar problemas mentales y dar seguimiento al tratamiento siquiátrico, sicológico y la farmacoterapia recomendada. Sin embargo, al momento de la evaluación de los peritos designados para atender este caso, se mostró en disposición de hacerlo porque interesa recuperarse y reintegrarse al mundo laboral, del que está apartada desde entonces.

Los tres peritos siquiatras coincidieron en que si la licenciada De León Hernández recibe el tratamiento adecuado, podrá estabilizar su condición. Incluso, apuntan a que a la fecha de la vista ante la Comisionada Especial estaba apta para realizar ciertas tareas legales que no redunden en situaciones de mucho estrés.

Ante este panorama, adoptamos las recomendaciones de la Comisionada Crisanta González Seda de condicionar la práctica de la licenciada De León Hernández a que se comprometa a recibir el tratamiento siquiátrico y

sicológico necesario para estabilizar su condición. En específico, imponemos las siguientes condiciones:

1. Mantenerse en tratamiento siquiátrico y sicológico, ingerir los medicamentos y recibir el tratamiento que se le recete, y seguir las instrucciones de los profesionales que la atienden.

2. Presentar ante la Comisión de Reputación del Ejercicio de la Abogacía informes de los profesionales de salud mental que la atienden, en que se detalle el tratamiento que recibe. En estos informes se deben detallar las fechas en que se le ha brindado tratamiento, el tipo de tratamiento ofrecido, su asistencia a las citas establecidas, cumplimiento con el uso de medicamentos, su evolución, grado de funcionalidad que haya mantenido y progreso observado. Estos informes deben presentarse dentro del término de 90 días, a partir de la fecha de la notificación de esta Sentencia y Opinión Per Curiam.

3. Cada seis meses, la licenciada De León Hernández deberá informar a la Comisión de Reputación del Ejercicio de la Abogacía el tratamiento que haya recibido durante ese período, la consejería siquiátrica obtenida y los nombres y direcciones de los profesionales visitados. Además, deberá informar el lugar donde se desempeñe como abogada, el volumen de su trabajo legal, las tareas

realizadas y cualquier otro asunto que sea pertinente informar. La Comisión de Reputación podrá recabar información adicional de entenderlo necesario.

4. La licenciada De León Hernández deberá cumplir con estas condiciones durante un período de 18 meses. Una vez transcurrido ese plazo, y dentro de los 60 días siguientes, se someterá nuevamente a la evaluación de un perito, con el propósito de que informe a la Comisión sobre la condición de salud mental de la abogada. El informe del perito deberá presentarse a la brevedad posible.

5. La Comisión de Reputación rendirá un informe a este Tribunal para determinar si se debe extender, modificar o prescindir de las condiciones impuestas. Además, la Comisión de Reputación podrá rendir cualquier otro informe que estime pertinente en cualquier momento. Para la preparación de sus informes, la comisión dispondrá de los mecanismos necesarios, que incluyen pero no se limitan a entrevistas personales, visitas, juramentación de testigos, recepción de prueba, y brindar a la abogada la oportunidad de ser oída.

Como hemos reiterado en el pasado, esta medida no es una disciplinaria sino de protección social. In re López Morales, Op. de 10 de enero de 2012, 2012 T.S.P.R. 46, 2012 J.T.S. 59, 184 D.P.R. ___ (2012); In re Miranda Cruz,

116 D.P.R. 709, 712 (1985). Estamos convencidos, además, que con estas condiciones fomentamos la recuperación de la licenciada De León Hernández.

IV

Por los fundamentos antes expuestos, determinamos permitir a la licenciada Osmer J. De León Hernández la práctica de la abogacía y la notaría, sujeta a las condiciones dispuestas en esta Opinión Per Curiam. El incumplimiento con alguna de las condiciones impuestas conllevará la suspensión, provisional o permanente, de su licencia como abogada.

Notifíquese personalmente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Osmer J. De León Hernández

AB-2010-0029
AB-2010-0242

SENTENCIA

En San Juan, Puerto Rico, a 19 de octubre de 2012.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente Sentencia, se determina permitir a la licenciada Osmer J. De León Hernández la práctica de la abogacía y la notaría, sujeta a las condiciones dispuestas en la Opinión Per Curiam. El incumplimiento con alguna de las condiciones impuestas conllevará la suspensión, provisional o permanente, de su licencia como abogada.

Lo acordó y ordena el Tribunal y lo certifica la Secretaria del Tribunal Supremo.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo